IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OLANDER R. BYNUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:15CV960 |
| | ) |
| KATY POOLE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Defendant Katy Poole's Motion to Set Aside Entry of Default. (Docket entry 13.) Also before the Court is Plaintiff Olander R. Bynum's "Motion for Compensation and Motion for Judgment Due to Default." (Docket Entry 15.) The matters are ripe for disposition. For the following reasons, it is recommended that the Court grant Defendant's motion and deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff, *pro se*, filed this action on November 16, 2015 alleging a violation under 42 U.S.C. § 1983 of Plaintiff's religious rights. (*See generally* Complaint, Docket Entry 2.) Specifically, Plaintiff alleges that Defendant "approved the cancellation of all non-Christian religious services – services otherwise scheduled to take place [April 3, 2015] – in honor of 'Good Friday' a Christian holiday." (*Id.* ¶ V.) Plaintiff is a devout Muslim, and he participates in "Juma Service." (*Id.*) Plaintiff alleges that Juma Service was held every Friday, except April

3, 2015, which was Good Friday. (*Id.*) Plaintiff seeks punitive damages from Defendant for "daring to disrespect Islam as has been done so overtly in this case." (*Id.* ¶ VI.)

On September 12, 2016, the Clerk entered default against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure for neither filing an answer nor otherwise responding in this matter. (Docket Entry 11.) On September 19, 2016, Defendant filed her pending motion. (Docket Entry 13.) In support of her motion, Defendant submitted an affidavit along with Caitlin Brooks, Associate General Counsel in the General Counsel's Office of the North Carolina Department of Public Safety ("NCDPS GCO"). (Docket Entries 14-1, 14-2.) Defendant contends that an envelope with the summons and complaint in this action was forwarded to her office at the Scotland Correctional Institution on March 1, 2016. (Poole Aff. ¶ 7, Docket Entry 14-1.) She never signed a receipt of the envelope. (*Id.*) Upon information and belief, Defendant asserts that the envelope was signed by "L. McIver" in the prison mailroom. (*Id.*) After receiving the summons and complaint, Defendant directed her assistant to notify the NCDPS GCO to assist in the matter. (*Id.* ¶ 8.) Defendant asserts that she never received a response from the NCDPS GCO that would indicate that Defendant needed to take further action. (*Id.* ¶ 10.) Thus, Defendant mistakenly believed that this matter had been resolved until she received notice of the Entry of Default on September 16, 2016. (*Id.* ¶ 11.)

Attorney Brooks at the NCDPS GCO indicated that she received notice of the pending action on March 3, 2016. (Brooks Aff. ¶ 5, Docket Entry 14-2.) She indicates that she inadvertently overlooked the notice at the time, and though not an excuse, the normal process for summonses is that they are sent directly to the North Carolina Attorney General's Office.

2

(*Id.* ¶ 9.) Attorney Brooks took responsibility for the mistake and further stated that Defendant should not be held responsible. (*Id.* ¶ 11.)

## II. DISCUSSION

### A. Defendant's Motion to Set Aside Entry of Default

Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in *Payne*, the Court concludes that Defendant's motion should be granted. The Court first considers whether Defendant has raised a meritorious defense. Plaintiff's complaint is essentially alleging a violation of his constitutional right to freely exercise his religion. (Docket Entry 2.) Defendant asserts that incarceration does not strip prisoners from all constitutional rights, but such rights may be "curtailed in furtherance of the legitimate goals of a correctional institution, including the need to maintain internal security." (Docket

3

Entry 14 at 3.) Case law supports this argument. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."); *see also Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993) ("A detainee's First Amendment rights may be restricted in the interest of prison security."); *Richardson v. Irons*, 877 F.2d 60 (4th Cir. 1989) ("Prison officials may restrict the practice of religion where the restriction is reasonably related to legitimate security concerns."). Moreover, the Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Defendant also cites case law whereby courts give some deference as to decision-making by prison officials regarding prison administration. *See Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities."). Defendant also relies upon other defenses, including immunity under the Eleventh Amendment, and the possibility that Plaintiff failed to exhaust his administrative remedies. (Docket Entry 14 at 4-5.) After reviewing the totality of such arguments, the Court concludes that Defendant has proffered a potentially meritorious defense, which weighs in favor of Defendant.

As to the second and third factors, both weigh in favor of Defendant. Defendant acted with reasonable promptness in filing the pending motion within days of receiving the notice of entry of default. Additionally, the affidavits demonstrate that Defendant's personal

4

responsibility for her failure to respond in this matter was minimal. Defendant acted reasonable in assuming that the matter would be resolved once forwarded to the NCDPS GCO. Thus, these factors weigh in favor of setting aside the default.

The remaining factors also weigh in favor of Defendant. Considering the fourth factor, Plaintiff would not be prejudiced by setting aside the default in this action. Plaintiff has not cited any particular prejudicial effect, nor does the Court find that this matter would be adversely impacted by setting aside the default. With respect to the fifth and sixth factors, there is no history of dilatory conduct on the part of Defendant, and less drastic sanctions are available to remedy Defendant's tardiness. Thus, for good cause shown, and because the relevant factors weigh in favor of setting aside the default, Defendant's motion should be granted.

B. <u>Plaintiff's Motion for Compensation and Motion for Judgment Due to Default</u>

Plaintiff has filed a motion seeking default judgment against Defendant and to be compensated by Defendant for Plaintiff's pain and suffering as a result of the alleged incident. (Docket Entry 15.[1]) Because the Court recommends that entry of default against Defendant should be set aside in this matter, Plaintiff's motion should be denied.

---

[1] The Court also notes that Plaintiff has filed a supplement to this motion which the Court has considered. (*See* Docket Entry 17.)

5

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Court **GRANT** Defendant's Motion to Set Aside Entry of Default (Docket Entry 13) and that the Clerk's entry of default (Docket Entry 11) be set aside.

**IT IS FURTHER RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Compensation and Motion for Judgment Due to Default (Docket Entry 15).

_____
Joe L. Webster
United States Magistrate Judge

November 17, 2016
Durham, North Carolina